UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWIN ROMAN,

        Plaintiff,

v.   Case No. 6:23-cv-2366-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security, [1]

        Defendant.
_____/

## **OPINION AND ORDER**[2]

### **I.  Status**

Edwin Roman ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "blind or low vision, neuropathy, diabetes, sciatic nerve condition, high blood pressure, glaucoma,

---

[1]  Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]  The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

back issues, ACR meniscus, arthritis in joints[,] and carpal tunnel." Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed February 9, 2024, at 52, 61; see Tr. at 70, 83, 252.

On June 8, 2021, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of June 4, 2021. Tr. at 212-15 (DIB), 216-24 (SSI).[3] The applications were denied initially, Tr. at 50, 61-69, 95-98 (DIB); Tr. at 51, 52-60, 100-03 (SSI), and upon reconsideration, Tr. at 70-80, 81, 107-110 (DIB); Tr. at 82, 83-93, 112-13 (SSI).

On March 30, 2023, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] Tr. at 30-45; see Tr. at 114-19 (cover letter and appointment paperwork indicating Plaintiff's representative is an attorney). On April 27, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-22.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 4-5 (Appeals Council exhibit list and order), 204-05 (request for review). On October 5, 2023, the Appeals Council denied Plaintiff's request for

---

[3] The applications were actually completed on June 9, 2021 and June 16, 2021, respectively. See Tr. at 212 (DIB), 216 (SSI). The protective filing date for both the applications is listed elsewhere in the administrative transcript as June 8, 2021. Tr. at 61, 70 (DIB), 52, 83 (SSI).

[4] The hearing was held via telephone, with Plaintiff's consent. Tr. at 32, 177-78, 197.

2

review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On December 11, 2023, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in: 1) "determining that [Plaintiff] has the residual functional capacity [('RFC')] to perform light work with some additional non-exertional limitations after failing to adequately weigh and consider the medical opinions"; and 2) insufficiently considering Plaintiff's "credibility and subjective complaints." Memorandum in Support of Plaintiff's Position (Doc. No. 15; "Pl.'s Mem."), filed April 11, 2024, at 11, 16. On June 12, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") addressing Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

(Continued…)

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 12-22. At step one, the ALJ determined that Plaintiff "engaged in substantial gainful activity during the following periods: 3rd and 4th quarters of 2022." Tr. at 12 (citation omitted). "However," continued the ALJ, "there has been a continuous 12-month period(s) during which [Plaintiff] did not engage in substantial gainful activity" so the ALJ's "remaining findings address [such] period(s)." Tr. at 13. At step two, the ALJ found that Plaintiff "has the following severe impairments: osteoarthritis and allied disorders, obesity, peripheral neuropathy, and disorders of the skeletal spine." Tr. at 13 (citation omitted). At step three, the

---

to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except that he could lift or carry 20 pounds occasionally and 10 pounds frequently; he can sit, stand and/or walk for a total of 6 hours in an 8-hour workday; he should avoid ropes, scaffolds, and ladders exceeding 6 feet; he could perform occasional postural activities and occasional climbing of ramps and stairs; he should work in an environment with occasional hazards; and he could frequently handle. He has limitations in the ability to concentrate and would require simple, routine, and repetitive tasks.

Tr. at 14.

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" of "industrial floor cleaner." Tr. at 20 (citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 21-22. After considering Plaintiff's age ("50 years old . . . on the alleged disability onset date"), education ("limited"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 21, such as "Inspector and Hand Package[r]," "Office Helper," and "Small Products Assembler," Tr. at 22 (citation

5

omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from June 4, 2021, through the date of th[e D]ecision." Tr. at 22 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is

6

supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

### A. RFC and Medical Opinion Evidence

Plaintiff argues the ALJ erred in assessing his RFC after improperly evaluating the medical opinion evidence. Pl.'s Mem. at 11-16. According to Plaintiff, the ALJ specifically erred with respect to the "opinion" of Jerry Shuster, M.D., regarding Plaintiff's glaucoma and nerve damage causing cloudy vision. Id. at 14-15. Responding, Defendant argues Dr. Shuster's statement about the cloudy vision is not an "opinion" as defined by the Regulations, and the ALJ was not required to address its persuasiveness. Def.'s Mem. at 7-8. Nevertheless, argues Defendant, the ALJ adequately explained why he found Plaintiff's glaucoma to be non-severe, and Plaintiff has not challenged this finding. Id. at 7.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about

7

what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[6] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity

---

[6] Plaintiff filed his applications after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

8

with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[7]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a

---

[7] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

9

claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, in arguing the ALJ erred, Plaintiff cites a medical record from Dr. Shuster in which he indicates Plaintiff's vision is "cloudy . . . secondary to optic nerve damage." Tr. at 408. Dr. Shuster also notes that Plaintiff "feels Latanoprost is contributing to the cloudy vision." Tr. at 408. Even if this statement by Dr. Shuster qualifies as a medical opinion, the ALJ did not reversibly err in electing not to specifically address it when discussing the opinion evidence. This is because at step two, the ALJ recognized Plaintiff's glaucoma as an impairment and found it was "not severe" because it did not have "more than a minimal effect on [Plaintiff's] ability to perform basic work activities." Tr. at 13. In support, the ALJ found that the glaucoma "resolved with laser surgery," Tr. at 13, a finding that Plaintiff does not dispute and the record generally supports. See Tr. at 38 (Plaintiff testifying he underwent laser surgery for both eyes), 1099 (consultative examiner noting Plaintiff underwent

10

laser surgery in 2022 for glaucoma), 1205, 1216, 1220, 1230 (2020, 2021, and 2022 notes documenting Plaintiff's denial of blurred vision). The ALJ did not reversibly err with respect to Dr. Shuster's statement about the cloudy vision.

### B. Subjective Complaint Evaluation

Plaintiff argues the ALJ erred in evaluating his subjective complaints of pain and other symptoms. Pl.'s Mem. at 16-20. According to Plaintiff, the ALJ provided only "boilerplate" language in addressing the matter, which is insufficient under the applicable authority. Id. at 18. Responding, Defendant argues the ALJ properly considered Plaintiff's subjective complaints and symptoms. Def.'s Mem. at 8-11.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

11

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are only partially entirely consistent with the medical evidence and other evidence in the record." Tr. at 15. The ALJ then detailed the

medical evidence, including the objective findings in treatment notes and imaging, reported pain levels by Plaintiff, and medications prescribed. Tr. at 15-19. Then, the ALJ discussed Plaintiff's reported ability to perform a wide range of daily activities. Tr. at 19-20. Plaintiff does not challenge any of these detailed findings; they are supported by substantial evidence, reflect adequate consideration of the factors, and need not be disturbed.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 3, 2025.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record